Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2924 | **DATE** | 11/16/2001 |
| **CASE TITLE** | Doering vs. Pontarelli Builder Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Motion to dismiss [3] is denied.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | FILED FOR DOCKETING | NOV 19 2001 | |
| X | Docketing to mail notices. | 01 NOV 16 PM 3:29 | docketing deputy initials | 16 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| PHYLLIS DOERING and KARL DOERING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) No. 01 C 2924 | |
| | ) | |
| PONTARELLI BUILDERS, INC., MICHAEL | ) | |
| PONTARELLI, DANIEL PONTARELLI, and | ) Judge Joan B. Gottschall | |
| ADRIAN ZEMENIDES, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a complaint against numerous defendants alleging a failure to comply with FHAA accessibility guidelines in a newly-constructed condominium owned by plaintiffs in a condominium development referred to as Merrimac Square. Defendant Adrian-Zemenides, Ltd. (incorrectly sued as Adrian Zemenides), identified in the complaint as "a licensed architect . . . who produced the drawings and design used in the construction of Merrimac Square," has moved to dismiss on the grounds that the relevant statute imposes liability only on those who both "design *and* construct" multifamily dwellings, thus excluding architects from liability.

The relevant statute, 42 U.S.C. §3604, sets forth a number of actions which constitute "[d]iscrimination in the sale or rental of housing . . . ." Section 3604(f) prohibits discrimination in the sale or rental of a dwelling and defines discrimination as including "in connection with the design and construction of covered multifamily dwellings for the first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner . . . ." that the premises are accessible in a number of defined ways. §3604(f)(3)(C).

In its opening brief in support of its motion, defendant relied on *United States v. Days Inns of America, Inc.*, 151 F.3d 822 (8th Cir. 1998) and *Paralyzed Veterans of America v. Ellerbe*

*Becket Architects & Engineers, P.C.*, 945 F.Supp. 1 (D.D.C. 1996). In *Paralyzed Veterans*, the court dismissed from the action the defendant architectural firm, holding that the term "design and construct" is "distinctly conjunctive. It refers only to parties responsible for both functions, such as general contractors or facilities owners who hire the necessary design and construction experts for each project.'" *Id.* at 2. The court rejected the position taken by the Department of Justice as amicus that the statute includes architects as parties; the Department of Justice's views, the court ruled, are not subject to deference inasmuch as the statute is unambiguous. *Id.*

*United States v. Days Inns of America, Inc., supra,* also relied on by defendant, decided a different question. The case involved the liability of Days Inns of America ("DIA"), the franchisor, for the failure of its franchisee to comply with the ADA's accessibility requirements in designing and constructing a motel. The Eighth Circuit noted that it was undisputed that DIA "did not design and construct the Wall Days Inn, nor was it an owner, lessor, or operator under §303." Rather, the court observed, although DIA, due to its various agreements with its franchisee, had some involvement in the design and construction process, it did not exert enough control to be liable under any of the statutory provisions. Finding that, as a factual matter, DIA neither designed nor constructed the motel, the court had no occasion to determine if either designing or constructing alone was sufficient for liability. The court noted in a footnote, however, that it was applying the "design and construct" language conjunctively, as had the court in *Paralyzed Veterans*.

In response, plaintiff cited a number of cases which have rejected the view taken in *Paralyzed Veterans*, specifically, *Baltimore Neighborhoods v. Rommel Builders*, 3 F. Supp. 2d 661, 664 (D. Md. 1998), *U.S. v. Hartz Construction Company, Inc.*, 97 C 8715, 1998 WL 42265

2

(N.D.Ill. 1998); *Montana Fair Housing v. American Capital Develop.*, 81 F.Supp.2d 1057, 1068 (D. Mont. 1999); *Johanson v. Huizenga Holdings, Inc.*, 963 F.Supp. 1175, 1178 (S.D.Fla. 1997); *U.S. v. Ellerbe Becket*, 976 F.Supp. 1262, 1267-68 (D.Minn. 1997) and *U.S. v. Days Inns of America, Inc.*, 997 F.Supp. 1080, 1083 (C.D. Ill.1998). The court will briefly review each of these decisions.[1]

*Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc., supra,* was a suit against a builder, not an architect, and the builder argued that it did not conjunctively design *and* construct, but merely constructed according to plans prepared by others which it was contractually required to follow. The court rejected the builder's argument, finding *Paralyzed Veterans* "unpersuasive," 3 F.Supp.2d at 664, and holding that "[w]hen a group of entities enters into the design and construction of a covered dwelling, all participants in *the process as a whole* are bound to follow the FHAA." *Id.* at 665 (emphasis in original). Any entity which participates in the wrongdoing, the court held, should be liable. *Id.*

*U.S. v. Hartz Construction Company, Inc.*, 1998 WL 42265 (N.D.Ill. Jan. 28 1998), addressed a motion by an architecture firm to dismiss a §3604(f) claim based on *Paralyzed Veterans*, arguing that the firm, Linden, was responsible for only the design and not the construction of the subject residential condominium complex. The court summarily rejected

---

[1] The court notes that in its opening memorandum, defendant failed to cite the many cases which have rejected the holding of *Paralyzed Veterans,* on which it relies. In these circumstances, there was little danger that the court would decide the motion in ignorance of the split of authority. Plaintiffs' counsel could be expected to research the law, and this court undoubtedly would have found the pertinent authority without assistance from plaintiffs simply by shepardizing *Paralyzed Veterans.*. Nevertheless, defendant's brief led the court to believe, at least initially, that this issue was clear and controlled by precedent. A party not only fails to benefit but loses the court's trust when it fails to disclose contradictory precedent.

3

*Paralyzed Veterans'* reading of the statute:

> With all due respect, this Court disagrees totally with that reading of Section 3504(f). To be sure, the Act does proscribe nonconforming design and construction. But the notion that each of two parties working together, one performing the first function and the other performing the second function, is thereby insulated from liability is a frank absurdity. There is no inconsistency whatever between reading the Act as unambiguously requiring both faulty design *and* faulty construction and the imposition of joint and several liability against codefendants who have divided between them the responsibility for those two functions.

*Id.* at *1.

*Montana Fair Housing, Inc. v. American Capital Development, Inc., supra*, rejected *Paralyzed Veterans* and followed *Baltimore Housing*, holding that the "design and construct" language should be read disjunctively to effectuate the broad remedial sweep of the statute: "Nothing in the legislative history supports the Defendants' wooden reading of 'design and construct,' and the purpose of the Act is better fulfilled by a disjunctive reading." 81 F. Supp. 2d at 1068. The court noted that the decision in *Paralyzed Veterans* held the general contractor liable, even though the general contractor constructed the subject premises but did not design them, a conclusion inconsistent with the decision's insistence that only a party which both designs and constructs can be liable. *Id.* at 1069.

In *Johanson v. Huizenga Holdings, Inc., supra*, the court denied an architectural firm's motion to dismiss. The firm argued, based on *Paralyzed Veterans*, that architects were not liable under the public accommodations provisions of the ADA. The argument was based both on *Paralyzed Veterans'* reading of the "design and construct" language and the contention that only those who owned, leased or operated a public accommodation could be liable. Finding that if

4

architects are not liable, "it is conceivable that no entity would be liable" under the ADA, 963 F.Supp. at 1178, the court denied the motion to dismiss.

*U.S. v. Ellerbe Becket, Inc., supra*, involved a complaint brought by the government against an architectural firm, alleging that it had engaged in a pattern or practice of designing inaccessible sports arenas around the country. The court reviewed the pertinent authority but concluded that because the government alleged that Ellerbe Becket participated in both the design and construction of the arenas at issue, it did not have to decide whether participating in both functions was necessary to liability.

Finally, in *U.S. v. Days Inns of America, Inc., supra,* the court found that the parties sought to be held liable "were involved contractually and in a supervisory role with both the design of the [relevant premises] and its construction." *Id.* at 1084. The court noted, in *dicta*, that it disagreed with *Paralyzed Veterans* and found its "narrow, literal reading of the statute inappropriate to carry out the intent of the ADA." *Id.*

After this motion was fully briefed, defendant moved for leave to cite additional authority, specifically, *Lonberg v. Sanborn Theaters, Inc.,* ___ F.3d ___, 2001 WL 877122 (9th Cir. Aug. 6, 2001). In *Lonberg,* the Ninth Circuit, construing Title III of the ADA (applicable to public accommodations and commercial facilities), addressed the question whether an architectural firm, STK, could be held liable for "design and construct" liability "even though it is not one of the entities–owners, lessees, lessors, or operators–to whom liability is extended by the '[g]eneral rule' under §12182(a)." *Id.* at *4. The question, more specifically, was whether the list of those liable for discrimination in public accommodations under 42 U.S.C. §12182(a) ("any person who owns, leases (or leases to), or operates a place of public accommodation")

5

limits those who may be held liable for "design and construct" liability under 42 U.S.C. §12183(a)(1). The court held, in agreement with *Paralyzed Veterans*, that the persons liable for design and construct liability under §12183(a)(1) are limited to those specified in §12182(a). Because architects are not owners, lessors or operators, the court held, they are not liable under Title III. As is obvious, this issue is a different issue from the issue raised by defendant here in its motion to dismiss and a different issue from that for which the defendant relies on *Paralyzed Veterans*.

The court finds the reasoning of *Baltimore Neighborhoods* and *U.S. v. Hartz Construction Company* dispositive and denies the motion to dismiss. There is no question that the relevant statute, 42 U.S.C. §3604(f)(3)(C), uses conjunctive language. It defines "discrimination" to include "a failure to design *and* construct those dwellings ["covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988"] in such a manner that" they are consistent with the statute's accessibility rules. But observing that the statute speaks in the conjunctive does not answer the question of whether it requires that one person perform both activities to be liable or rather, as the court in *U.S. v. Hartz Construction Company* observed, it merely requires that both activities take place for discrimination within the meaning of the statute to occur.

The section at issue, significantly, is not a description of *who* is liable. Rather, it is a description of what actions constitute discrimination. And what it says is that discrimination occurs when a nonconforming structure is designed *and* constructed. Since there can presumably be no liability without both nonconforming design and construction (a nonconforming design that was never constructed would produce no injury, while a nonconforming construction implies

6

a nonconforming design), the statute should probably be read to imply that for discrimination to occur, there must be both nonconforming design and nonconforming construction; an architect who designs a nonconforming building that is never constructed should probably escape liability. But that is not the issue here. The issue here is whether a single party must perform both required functions to be liable. The statute is certainly conjunctive, "distinctly conjunctive" in the words of *Paralyzed Veterans*, but the effect of that conjunctive usage, given that it occurs in a definition of what is prohibited rather than in a definition of who is liable, is more naturally read as attempting to make clear that discrimination occurs when premises subject to the statute are improperly both designed and constructed. The statute says nothing more than that. It says nothing to excuse those who participate in such nonconforming "design and construction," simply because they do not perform both functions, from liability. Reading the statute as simply defining what constitutes discrimination, and relying on all the normal rules of responsibility for determining who is liable when such discrimination occurs, is a natural reading of this statute, is entirely consistent with its language and does no violence to the statute's manifest remedial purpose. As the court in *Baltimore Neighborhoods* stated, "those who are wrongful participants [in such discrimination] are subject to liability for violating the FHAA." 3 F.Supp.2d at 665.

The motion to dismiss is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: November 16, 2001